**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30080 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00046-SLG-1 |
| v. | |
| MENES WEIGHTMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Menes Weightman appeals from the district court's judgment and challenges

the sentence of 12 months and one day imposed on revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Weightman contends that the district court impermissibly imposed the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence to promote his rehabilitation in violation of *Tapia v. United States,* 564 U.S. 319 (2011).  We review for plain error, *see United States v. Grant,* 664 F.3d 276, 279 (9th Cir. 2011), and conclude that there is none.  While the district court encouraged Weightman to use his time in prison to create a transitional plan for his release, the record does not show that the court imposed or lengthened Weightman's sentence to promote rehabilitation.  *See Tapia,* 564 U.S. at 334 (federal court does not run afoul of 18 U.S.C. § 3582(a) by "discussing the opportunities for rehabilitation within prison").

**AFFIRMED.**